CROSSWEL v. THE CONNECTICUT INDEMNITY ASSN.

APPEAL—DISMISSAL OF.—It seems that the Court will not dismiss an appeal except for *wilful* disregard of Rule V. in printing "Case" as proposed, and not as amended.

Motion to dismiss appeal in case of John and Arthur Crosswell, respondents, against the Connecticut Indemnity Association, appellant.

*Messrs. Lee & Moise,* for the motion.

*Mr. John T. Seibels,* contra.

Dec. 14, 1897.    PER CURIAM.    This was a motion to dismiss the appeal upon the ground that the "Case" as served does not conform to the requirements of Rule V. of this Court.    That rule requires that "where amendments have been proposed and allowed, the 'Case' must be printed, or in a case where printing is dispensed with, must be written as it would read after the amendments allowed are incorporated; and it will not be sufficient to set out the proposed amendments with a statement as to which of them had been allowed."

It is very manifest from an examination of the "Case" that the requirements of the rule have not been complied with in this instance.    But whether this defect in the "Case" should subject the appellant to the penalty of a dismissal of the appeal, is a different matter.    We do not deem it necessary to consider the question as to whether this Court has the power to dismiss an appeal for failure to comply with the requirements of Rule V., which was made in the argument; because, even conceding such a power, we do not think this is a case in which it should be exercised.    We

do not think that appellant wilfully violated the rule; and for this and other reasons which it is needless to state, we do not think so harsh a penalty as depriving a party of his right to appeal, or at least having his appeal heard, should be imposed.

It is, therefore, ordered, that the motion to dismiss the appeal be refused. Recognizing, however, the rights of respondents, they were allowed the option of having an order passed requiring the appellant to reprint the case in conformity to the rule, or of having the case heard on the "Case" as printed, eliminating from the consideration of the Court all such parts of the "Case" as were inserted therein in violation of the rule. Respondent's attorney having accepted the latter alternative, the case has been so heard.